Mr. Decker is serving a 190-month sentence on account of a verdict of guilty of attempted sexual abuse in violation of 18 U.S.C. 2241 sub a. This is an Indian-on-Indian-in-Indian country, in this case, Battle Mountain, which happens to be the county seat of Lander County, Nevada, and it truly was an all-or-nothing case. The victim in this case, Ms. O, claimed that the appellant sexually penetrated her against her will. The appellant's position as the victim is flat-out lying and what she claims happened simply didn't happen. And the verdict in this case shows the jury didn't believe the victim in that the jury cleared the appellant of aggravated sexual abuse. Now, if this case had been prosecuted in the Sixth Judicial District, where Lander County is ---- Sotomayor Well, I don't know if you can exactly assume that, because juries do a lot of sort of unusual things. And this case was they could have believed some of the things that the victim said, but not everything, because the record, you know, I know I've seen a lot of these cases, and she had certain, you know, she had had consensual sex a number of times with someone previously in the evening. Then there's the issue of the text. Then she goes to the hospital. Then she leaves the hospital. Then she goes back to the hospital. She does have some physical injury. There's a lot of, you know, there's a lot of things going on, and there are allegations. I mean, her texts say ---- I guess they were deleted, but they say things like, well, I think I'm being raped, or I don't know if I think things are happening. So they could have believed ---- I mean, essentially, they could have believed less than what the prosecution said, but not what you've said. And so we don't really ---- and why is that wrong? It happens all the time. Waxman The best we can say is it's a compromise verdict in a system where it really isn't a compromise. I mean, I think, really, that's the best we can say about it. Sotomayor Well, but there were allegations of different things, both penal penetration, digital ---- you know, there were a lot of things that the jury could have said, okay, we're sure that this happened, but we're not sure that the other happened. Waxman The legal issue that I want to focus on is this. If this case were tried in Nevada, and I were in front of the Nevada Supreme Court rather than Ninth Circuit, I would be telling the court, per Crawford v. State, 107 Nevada, 345, at 351, you would be constrained to reverse because in an all-or-nothing case like this, you cannot instruct on attempted sexual abuse. That case happens to have this fact pattern almost to a T. The second thing I would say is that the prosecutor's argument to the jury at ERB 3876.77 on what the facts are to support attempted sexual abuse really are a subset of Ms. O's claim of completed penetration, which is inconsistent with Jury Instruction 13 because Jury Instruction 13 requires a substantial act demonstrating that crime will take place unless interrupted by independent circumstances. Per Ms. O's version, there weren't independent circumstances that interrupted him, not really. But more than that, I would be arguing to the hypothetical Nevada Supreme Court that per Estes v. State, what that subset of facts the prosecutor's arguing is really battery with intent to commit sexual assault, which is not a lesser included as a matter of law of sexual assault, and therefore not a lesser included of attempted sexual assault. And what I would also be arguing to the hypothetical Nevada Supreme Court is that the government's version of the facts at page 18 of the red brief, I would submit as a version that a reasonable jury wouldn't reach. A reasonable jury wouldn't decide that Ms. O's testimony regarding what happened at 453 in the morning is credible, but what happened at 454 is incredible. As you indicate, Judge Callahan, juries can do that. Well, but there's other things. They heard the victim's DNA was not found under her fingernails, and Decker's DNA was not found on the vaginal swath, suggesting that there was no completed aggravated sexual assault, but that something happened. Right. The only thing independent of the victim that we can really say from the DNA is that he kissed her on her neck, which would not be an act of attempted sexual assault because it's not an act of penetration. But that's not, but you've got to go with all the evidence that was in the trial. There is evidence that she was injured. There's evidence of other things being testified to, so you can't just say that's all there was. That isn't all there was. More importantly, though, what I would argue, and this, I think, will answer your concern, when the appellate prosecutor is arguing a separate set of facts to show why any error in giving attempted sexual assault is harmless relative to what the trial prosecutor argued, how can we call that harmless beyond a reasonable doubt? We have to assume that in returning this verdict, the jury followed the trial prosecutor's lead. And if the trial prosecutor was describing a set of facts that's inconsistent with attempted sexual assault, then I don't see how we get harmless error beyond a reasonable doubt. The question is, do these positions that I would argue to the hypothetical Nevada Supreme Court carry weight or even constrain the Ninth Circuit? And I would submit that per 18 U.S.C. section 1153 sub B, they really do because what we're in Nevada really, for all intents and purposes, the same thing as attempted sexual abuse or aggravated sexual abuse versus sexual assault or sexual abuse versus battery with an intent to commit sexual assault. And even if you were to disagree with me in that regard, I would submit that you would, could, and should reach the same results independently as a matter of federal law based on the cases I cited at pages 31 and 32 of the Blue Brief and in the 28J letter, particularly Murray versus Schreiro. And I've got three and a half minutes roughly I'll reserve, if I may. Thank you, counsel. Thank you. Good morning. May it please the Court. Adam Flake of the United States. I would like to disagree in the most explicit terms that this was an all or nothing case. I think that the jury... ...aggravated sexual abuse and not attempted. Would you concede that? No, Your Honor. If, if the Court, if I could direct the Court's attention to ER 918, which is our rebuttal close. So, this, the prosecutor's saying, so as you have to decide this case and we've proven to you that he was forcing her to engage in the acts, if you get to the point where you a question about, well, there's a question about whether he actually penetrated her, then I say to you that's why we have the, the other instruction and the other ballot to vote that, sorry, I'm doing a bad job reading it, the other ballot to vote on that says attempted. So, he, the, the prosecutors argued, look, even if you find that he did all of this stuff and, but he didn't actually complete the act, you know, perhaps based on, as, as Your equivocal text about I think I'm getting raped, he's trying to finger me, her equivocation about that. The prosecutor says, look, you can find he did everything and if you find that he didn't, it didn't quite happen, then, then you can convict for attempt. I'm sorry, I, you've answered my question. Go on with what you were going to say. I know I started pretty quickly. That's what I wanted to say. Unless the Court has any questions, I'll, I'll submit. Okay. Thank you. All I can say to that is I'm looking at page 918, did you say, counsel? He said ER 918. 918. I'm looking at that page and, and I'm not seeing it. Maybe I'm looking at the wrong page, but the record will speak for itself. Okay. Thank you, counsel. Thank you. The case has now been released and submitted.
judges: Reinhardt, Tashima, Callahan